IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-20112-CM/JPO |
| ) | |
| JAMES MOORE, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANT JAMES MOORE'S RESPONSE JOINING DEFENDANT HELEN JONES' MOTION FOR CHANGE OF VENUE

Defendant James Moore, by and through counsel, hereby submits this response joining Defendant Helen Jones' Motion for Change of Venue. In support of this motion, Mr. Moore states as follows:

1. Pursuant to Rule 21(b), "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice." The moving defendant carries the burden to show that transfer is appropriate based on the balance of ten factors: (1) the location of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records; (5) disruption of the defendant's business; (6) expenses of the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) the docket condition of each district or division involved; and (10) any other special considerations relevant to transfer. *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 243-44 (1964).

2. There are no defendants located in the District of Kansas. The indictment in this case names four defendants, three of whom (James Moore, Eric Johnson, and Helen Jones)

currently reside in Florida, with Defendants Johnson and Jones both residing in the Middle District of Florida. If the case remains in the District of Kansas, all four defendants will incur significant travel expenses. If the case is transferred to the Middle District of Florida, Defendants Moore, Johnson, and Jones will avoid these complications. Moreover, if the transfer is granted, Defendant Lunde's situation will not be materially changed.

3. Almost all of the significant events at issue in this case occurred in the Middle District of Florida. The property development at issue in this case, Lake Austin, is located in the Middle District of Florida. The property developer, Maesbury Homes, Inc., was a Florida corporation with its principal and mailing address in the Middle District of Florida. The loan used to fund the development was underwritten by Marshall BankFirst Corporation employees in the Middle District of Florida. The property developer is alleged to have unlawfully deposited purchaser down payments into Mercantile Bank accounts located in the Middle District of Florida. The majority of possible witnesses are located in the Middle District of Florida.

4. Approximately sixty-eight banks nationwide participated in the Lake Austin loan. This case has no connection to the District of Kansas except that two banks in the District of Kansas participated in the loan. The Kansas banks had no responsibility for loan servicing and never dealt directly with the borrower. Together, the Kansas banks contributed approximately $3.3 million to the loan, a mere 2% of the total $140 million. These contributions occurred in 2007, approximately ten years ago. First National Bank & Trust Company, which is now the Larned Branch of Farmers Bank & Trust, contributed only $506,000. Of the $3.3 million total Kansas-based participation, $2.8 million was contributed by Columbian Bank & Trust, which is no longer in existence as of 2008. There are likely very few witnesses located in the District of Kansas.

5.  None of the purchasers are located in the District of Kansas. A majority of the Lake Austin purchasers are located in the UK. Relative to the District of Kansas, the Middle District of Florida is significantly more accessible to these potential witnesses. Due to the availability of direct flights, travel between the Middle District of Florida and the UK is less costly, less time consuming, and more convenient than travel to and from the District of Kansas.

6.  Although Counsel for Defendant Moore are located in Kansas City, they regularly represent clients across the country and are willing to travel to the Middle District of Florida and utilize local counsel as necessary for Defendant Moore's representation.

WHEREFORE, Mr. Moore respectfully requests that the Court enter an Order transferring this case to the United States District Court for the Middle District of Florida pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure.

Dated: May 11, 2017                     Respectfully submitted,

**GRAVES GARRETT LLC**

By:   */s/ Kathleen A. Fisher*
Nathan F. Garrett, KS Bar #24977
Kathleen A. Fisher, KS Bar #25203
GRAVES GARRETT LLC
1100 Main Street, Suite 2700
Kansas City, MO 64105
Telephone: (816) 256-3181
Fax: (816) 256-5958
ngarrett@gravesgarrett.com
kfisher@gravesgarrett.com

*Counsel for Defendant James Moore*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 11, 2017, a true and correct copy of the foregoing pleading was served via the Court's electronic online filing system, in accordance with the Rules of Civil Procedure, on the following counsel of record:

AUSA Scott C. Rask

*Attorney for the Government*

*/s/ Kathleen A. Fisher*
Attorney for Defendant